IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR ROMAN CRUZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0374-G |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Edgar Roman Cruz, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner entered an open plea of guilty to the first-degree felony offense of injury to a child. After hearing evidence on punishment, the trial court sentenced petitioner to 35 years confinement and imposed a $5,000 fine. His conviction and sentence were affirmed on direct appeal. *Cruz v. State*, No. 11-03-00040-CR, 2003 WL 22860870 (Tex. App.--Eastland, Dec. 4, 2003, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Cruz*, No. 63,272-01 (Tex. Crim. App. Jan. 11, 2006). Petitioner then filed this action in federal district court.

II.

Petitioner raises eight broad issues in 19 grounds for relief. Succinctly stated, petitioner contends that: (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel

prior to the plea hearing and at sentencing; (3) the evidence was legally and factually insufficient to support his conviction; (4) his confession was coerced by the police and made under duress; (5) prosecutor failed to disclose mitigating and exculpatory evidence; (6) he was denied a fair trial; (7) he was denied the right to timely file a petition for writ of certiorari; and (8) he is actually innocent.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'"

*Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

In three related grounds, petitioner contends that he did not knowingly, intelligently, or voluntarily waive his right to a jury trial or enter an open plea of guilty to the offense charged in the indictment.

1.

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995). The defendant must have "a full understanding of what the plea connotes and of its consequence." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 1678 (1992), *quoting Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). This constitutional inquiry focuses on three core concerns: (1) the absence of coercion; (2) an understanding of the charges; and (3) a realistic understanding of the consequences of the guilty plea. *United States v. Bernal,* 861 F.2d 434, 436 (5th Cir. 1988), *cert. denied*, 110 S.Ct. 203 (1989). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See Montemayor v. Valdez*, No. 3-06-CV-0012-K, 2006

WL 740743 at *2 (N.D. Tex. Mar. 14, 2003) (Kaplan, J.), *rec. adopted*, 2006 WL 1348734 (N.D. Tex. May 17, 2006), *citing* TEX. CODE CRIM. PROC. ANN. art 26.13 (Vernon Supp. 2005).[1]

2.

Petitioner was charged by indictment with injury to a child 14 years of age or younger, a first-degree felony. (St. App. Tr. at 02). After consulting with his attorney, petitioner elected to waive his right to a jury trial, to plead guilty to the offense without the benefit of a plea bargain, and to have the court assess punishment. In a written plea agreement signed by petitioner, he acknowledged the full panoply of his constitutional rights, including his absolute right to a jury trial, his right to confront and cross-examine witnesses, his right to call witnesses in his own behalf, and his right to testify at trial. (*Id.* at 06). Petitioner stated that he understood the nature of the charges against him and the range of punishment, that his guilty plea was freely and voluntarily made, and that he was not influenced by any consideration of fear or persuasion. (*Id.* at 06-07). He also signed a judicial confession admitting the essential elements of the offense. (*Id.* at 08). Before accepting his guilty plea, the trial judge summarized the facts alleged in the indictment and reminded petitioner that the range of punishment for injury to a child was not less than five years nor more than 99 years or life imprisonment and a $10,000 fine. (SF-II at 3-4). The judge went on to explain the consequences of entering an "open" plea of guilty:

> One who makes an open plea admits he's guilty, but he throws himself on the mercy of the Court hoping for the best. The Court might be merciful, but it might not, depends on the evidence which is presented.

---

[1] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). The requirements of Rule 11 and article 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art 26.13. It therefore follows that the same "prophylactic protections" attach to the admonishments under article 26.13. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002) (Kaplan, J.).

> If I think the case is bad, I sentence you to life imprisonment, you would have to serve 30 calendar years before becoming eligible for parole. You probably could not successfully appeal my judgment to give you 30, to give you life in prison or any other sentence for that matter, because when you plead guilty you tend to waive any of the procedural errors that might be the basis of a successful appeal. In short, bottom line, I think you will be stuck with whatever I give you.

(*Id.* at 4-5). Petitioner told the judge that he read all the plea documents, understood everything he signed, and reviewed the consequences of his plea with his attorney. (*Id.* at 5-6). When asked if he was pleading guilty because he committed the offense alleged in the indictment and whether his plea was freely and voluntarily made, petitioner responded, "Yes, Your Honor." (*Id*. at 6-7). These sworn declarations carry a strong presumption of veracity in a subsequent habeas proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

Petitioner now contends that his guilty plea was involuntary because he did not fully understand the court's admonishments and was not told he must serve 45 years before becoming eligible for parole. The Fifth Circuit has repeatedly held that there is no federal constitutional right to be informed of the collateral consequences of a guilty plea, such as information about parole eligibility. *See, e.g. James*, 56 F.3d at 666 (constitution does not require furnishing defendant with information about parole eligibility); *United States v. Gavilan*, 761 F.2d 226, 228 (5th Cir. 1985) (no due process right to be informed of collateral consequences of criminal conviction). Because the trial judge properly admonished petitioner in accordance with Texas law, thus ensuring that his guilty plea was knowing and voluntary, petitioner is not entitled to federal habeas relief on this ground. *See Britton v. Dretke*, No. 3-04-CV-1049-N, 2004 WL 1960145 at *2 (N.D. Tex. Sept. 2, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2124115 (N.D. Tex. Sept. 22, 2004) (rejecting argument that guilty plea was involuntary where petitioner was properly admonished by trial judge in accordance with Texas law).

C.

Petitioner also challenges his guilty plea on the ground that defense counsel falsely represented that he would receive probation. A guilty plea may be invalid if induced by an attorney's unkept promises. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998), *citing Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). To prove such a claim, a habeas petitioner must present evidence of: (1) the exact terms of the alleged promise; (2) when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise. *Id.*; *see also Bond v. Dretke*, 384 F.3d 166, 168 (5th Cir. 2004). Here, petitioner attempts to meet this burden through the affidavits of his father, mother, brother, and sister. These witnesses state they were present when defense counsel "informed Cruz that he would most likely receive probation by pleading guilty to the offense as charged in the indictment." (*See* Pet. Hab. App., Exhs. G-J). However, as respondent correctly points out, none of these affidavits are contained in the state habeas record.[2] The court must therefore decide whether this claim is properly exhausted and, if not, whether the claim is procedurally barred from federal habeas review.

1.

A petitioner must fully exhaust state remedies before seeking habeas relief in federal court. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 103 S.Ct. 1508 (1983). A habeas petitioner fails to exhaust state remedies "when he presents material additional evidentiary support to the federal court that was not presented to the state court." *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 250 (2004), *quoting*

---

[2] In fact, all four affidavits were executed after the state habeas court entered findings of fact and conclusions of law and the record was transmitted to the Texas Court of Criminal Appeals.

*Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996).

Petitioner's state writ consists of 18 pages with no evidentiary support. The only mention of the promise allegedly made by defense counsel are two identical sentences on page 13 of the writ stating that counsel advised petitioner "to make an 'open plea' of guilty with the assurance of receiving a 'probated sentence' from the court[.]" (*See* St. Hab. Tr. at 013). The court discerns no reason why petitioner could not have included the affidavits of his family members in the state court record. Certainly, these witnesses were available to petitioner and their testimony materially supports his claim. Without these affidavits, or any other evidence to corroborate petitioner's self-serving allegations, it is not surprising that the state habeas court denied relief without a hearing. Petitioner's unexplained failure to present this evidence to the state habeas court renders his claim unexhausted. *See Kunkle*, 352 F.3d at 988. *Cf. Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (excusing failure to exhaust state remedies where new evidence presented to federal habeas court was not readily available to petitioner, could not have been discovered earlier, and did not fundamentally alter his claim).

2.

Ordinarily, a federal habeas petition that contains unexhausted claims must be dismissed without prejudice to allow the petitioner to return to state court. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). However, a different rule applies where the state court would likely dismiss an unexhausted claim contained in a successive habeas petition. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2003).[3] In such cases, a petitioner is

---

[3] The statute provides, in relevant part, that:

(a)    If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

procedurally barred from rasing the unexhausted claim in federal court. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

As previously discussed, petitioner failed to present the affidavits of his family members to the Texas Court of Criminal Appeals on state collateral review. No explanation has been offered to excuse this procedural default. The court finds that a Texas court, presented with a successive habeas petition, would likely dismiss it under article 11.07. Consequently, federal habeas relief is not proper. *Id.*, 111 S.Ct. at 2557 n.1; *see also Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

D.

Having determined that petitioner's guilty plea is valid, the vast majority of his other claims are not subject to federal habeas review. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. *See Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973). This includes claims alleging: (1) *Miranda* and other Fourth Amendment violations, *see United States v. Williams*, 61 Fed.Appx. 120, 2003 WL 342277 at *1 (5th Cir. Jan. 29, 2003); (2) the failure to disclose exculpatory evidence, *see Matthew v. Johnson*, 201 F.3d 353,

---

(1)   the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

(2)   by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt . . .

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

366-70 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 291 (2000); and (3) instances of ineffective assistance of counsel that do not implicate the validity of the plea itself, *see United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000). These grounds for relief should be overruled.

E.

Petitioner also challenges the sufficiency of the evidence to support his conviction. This claim fails for two reasons. First, "[n]o federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary guilty plea." *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986), *quoting Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 1609 (1984). Second, petitioner signed a judicial confession admitting to the essential elements of the offense. (*See* St. App. Tr. at 08). Based on this confession, the trial court found the evidence sufficient to "substantiate[ ] your guilt of the offense of injury to a child, as charged in the indictment." (SF-II at 8-9). Petitioner has failed to adduce any evidence, much less clear and convincing evidence, to rebut that finding.

F.

In two grounds for relief, petitioner contends that he received ineffective assistance of counsel at his sentencing hearing. Among the many criticisms leveled at defense counsel are: (1) the failure to call petitioner and his many relatives to testify; (2) the failure to object to the state's proof or to present mitigating evidence; and (3) the failure to order a presentence investigation report, to request a probated sentence, or to file a motion for new trial and notice of appeal.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective

assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must establish prejudice. *See id.* at 2067. Where ineffective assistance of counsel is alleged during the punishment phase of a non-capital case, the petitioner must demonstrate that the sentence he received would have been "significantly less harsh" but for the deficient performance of his attorney.[4] *Daniel v. Cockrell*, 283 F.3d 697, 706 (5th Cir.), *cert. denied*, 123 S.Ct. 286 (2002), *citing Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993). In making this determination, the court must consider: (1) the sentence imposed in the case; (2) the minimum and maximum sentence allowed by law; (3) the placement of the sentence within the allowable range; and (4) any mitigating or aggravating factors considered by the trier of fact. *Spriggs*, 993 F.2d at 88-89.

2.

Two witnesses testified at the sentencing hearing. Dr. Janet Squires, a pediatrician at Children's Medical Center, described the extensive injuries sustained by Angelica Cruz, petitioner's three year-old daughter. Dr. Squires testified that Angelica sustained a fractured skull, a lacerated liver, and numerous bruises to her upper and lower back as a result of blunt force trauma. (SF-III at 7-10). Richard Fricks, Angelica's foster parent, testified that the child is developmentally delayed

---

[4] In *United States v. Grammas*, 376 F.3d 433 (5th Cir. 2004), the Fifth Circuit abrogated the "significantly less harsh" test for ineffective assistance of counsel claims arising under the federal sentencing guidelines. *Id.* at 438. *See also Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001) (holding that "any amount of actual jail time has Sixth Amendment significance"). However, the court noted an important distinction between the federal guidelines and state sentencing regimes. Because state sentencing tends to be more discretionary than the more predictable federal system, "practically any error committed by counsel could [result] in a harsher sentence." *Grammas*, 376 F.3d at 438 n.4, *quoting Spriggs*, 993 F.2d at 88. Therefore, the court limited its adoption of the "any amount of jail time" test to cases involving the federal guidelines. *Id. See also Doria v. Dretke*, No. A-03-CA-693-LY, 2006 WL 1348386 at *11 n.5 (W.D. Tex. May 4, 2006); *Wadhwa v. Dretke*, No. 3-04-CV-1687-G, 2005 WL 1521846 at *2 n.1 (N.D. Tex. Jun. 27, 2005) (Kaplan, J.), *rec. adopted as modified*, 2005 WL 1679440 (N.D. Tex. Jul. 18, 2005).

and requires physical therapy, occupational therapy, and speech therapy. (*Id.* at 15-16). Defense counsel did not cross-examine these witnesses or object to the introduction of photographs of the child lying unconscious in her hospital room. Nor did counsel call any witnesses of his own. In his closing argument, counsel admitted that the evidence against his client "doesn't sound good," but asked the court to consider that petitioner was 19 years old with no criminal record. (*Id.* at 17). The trial court rejected counsel's plea for leniency and sentenced petitioner to 35 years in prison. (*Id.* at 18).

Although petitioner blames his harsh sentence on counsel's failure to call any witnesses or present mitigating evidence, he does not proffer the missing testimony or evidence. Without such a proffer, the court cannot begin to analyze his claim of ineffective assistance of counsel. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). Likewise, petitioner has failed to show that counsel had any grounds for objecting to evidence presented by the state or that he would have received probation or a lesser sentence had counsel made such a request or ordered a presentence investigation report. As the trial judge observed, this was a "horrendous, monstrous crime." (SF-III at 18). The only conceivable reason petitioner did not receive a harsher sentence is because of his relatively young age and lack of a criminal record--mitigating evidence pointed out by his attorney. While counsel did not file a motion for new trial, there is no reason to believe that such a motion would have been granted. Counsel did file a notice of appeal and petitioner's case was reviewed on the merits.

In sum, petitioner has failed to show that he was prejudiced by the performance of his attorney at sentencing. These grounds for relief are without merit and should be overruled.

G.

Next, petitioner complains that the Texas Court of Criminal Appeals never notified him of the ruling on his motion for rehearing from the denial of his petition for discretionary review, thus denying him the opportunity to timely file a petition for writ of certiorari with the United States Supreme Court. There is no federal constitutional right to seek discretionary review from second-level appeals court or to petition the Supreme Court for certiorari review. *See Ross v. Moffitt*, 417 U.S. 600, 610-12, 94 S.Ct. 2437, 2446-48, 41 L.Ed.2d 341 (1974); *Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1768 (2003). Consequently, any infirmity in that process is not cognizable under 28 U.S.C. § 2254.

H.

Finally, petitioner contends that he is actually innocent. A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). There must also be evidence of an independent constitutional violation in the state criminal proceeding. *Id*. at 741. Here, petitioner has failed to establish an underlying constitutional violation. Nor is there any compelling evidence of his innocence. Petitioner's misguided and ill-reasoned argument that the child did not sustain "serious bodily injuries" does not even approach this standard.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 30, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE